IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| William T. Coleman, | ) | C/A No.: 1:12-1916-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| Sgt. Khatari McMillian, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

The *pro se* plaintiff, William Coleman, brings this action pursuant to 42 U.S.C. § 1983. He alleges excessive force and deliberate indifference to serious medical needs by the defendant when he was a pretrial detainee at the York County Detention Center (YCDC).[1]

The Magistrate Judge assigned to this action[2] has prepared a thorough Report and Recommendation wherein she suggests that this court should grant the defendant's motion for summary judgment and deny the plaintiff's motions to strike and for summary judgment.

---

[1] Plaintiff is a former detainee of the YCDC . He was booked initially into the YCDC on May 8, 2012 and released on June 12, 2012. He returned to the YCDC on June 15, 2012 and was then again released on June 22, 2012, presumably to the custody of the South Carolina Department of Corrections (SCDC). He was released from the SCDC on November 26, 2013. The events giving rise to this action occurred on May 24, 2012, while he was a pretrial detainee at YCDC.

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The plaintiff was advised of his right to file objections to the Report and Recommendation and the plaintiff filed timely objections thereto.

As an initial matter, the Magistrate Judge suggests that the defendant is not entitled to summary judgment on the issue of plaintiff's lack of exhaustion of his administrative remedies, and this court concurs.

The Magistrate Judge has carefully analyzed the various factors under Supreme Court precedent and the applicable statutes with regard to excessive force. The Magistrate Judge concludes, and this court agrees, that the plaintiff fails to demonstrate that defendant's use of a restraint chair was malicious and sadistic such that it constituted excessive force. Thus, the defendant's motion for summary judgment on this claim is granted.

As to plaintiff's claim that the defendant failed to provide immediate medical attention for his alleged leg injuries, the Magistrate Judge opines that the plaintiff has not demonstrated a claim of deliberate indifference to a serious medical need. This court agrees with the Magistrate Judge and finds summary judgment for the defendant on this claim as well.

The plaintiff has filed a thirteen-page objection memorandum where he essentially objects to the entire Report, repeating most of the claims already raised in his complaint. The court has carefully reviewed the objections and finds that they provide no basis for this court

to deviate from the Magistrate Judge's recommended disposition.

After a careful review of the record, the applicable law, and the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference.

Accordingly, the defendant's motion for summary judgment (ECF No. 47) is hereby granted and this action is dismissed with prejudice. Plaintiff's motions to strike and for summary judgment (ECF No. 35, 46) are denied.

IT IS SO ORDERED.

March 26, 2014  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge